IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAINA S. CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-464-SMY-SCW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Dismiss Medical Malpractice Claim filed by the United States of America (Doc. 6). For the following reasons, the motion is **GRANTED**.

Plaintiff Raina Campbell filed a *pro se* Federal Tort Claims Act ("FTCA") Complaint against the United State of America alleging that Veterans Administration ("VA") medical providers failed to timely diagnose her husband Danny Campbell's cancer (*see* Doc. 1). The Complaint alleges survival and wrongful death actions.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (*and the written report must be attached to the affidavit*); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the

complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILCS 5/2-622(a) (West 2013).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILCS 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614.

In the instant case, Plaintiff has failed to file the necessary affidavit. In addition, Plaintiff's response to the motion to dismiss was due on January 6, 2017 and no response has been filed. The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion, and the Court will do so in this case. *See* Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results."). Accordingly, Defendant's motion is granted and Plaintiff's Complaint is **DISMISSED without prejudice.**

    **IT IS SO ORDERED.**

    **DATED: January 12, 2017**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**